IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.*, | § | |
| **TOMPKINS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-1904-L** |
| | § | |
| **ABDULLAH N. ADHAM,** *et al.,* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Jimmy M. Tompkins's Notice of Voluntary Dismissal.   The United States of America consents pursuant to 31 U.S.C. § 3730(b)(1) to dismissal of this civil action without prejudice and has set forth it reasons.   Defendants Abdullah N. Adham ("Adham") and Louise Lamarre ("Lamarre") object to a voluntary dismissal of this action without prejudice.   These Defendants, however, do not object to the dismissal of this action with prejudice.   The court, for the reasons that follow, **grants** Plaintiff Jimmy M. Tompkins's Notice of Voluntary Dismissal and **dismisses** this action **without prejudice.**

## I.      Background

Defendants Adham and Lamarre have both filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   They contend that their motions are well-founded, that the motions will be granted ultimately and dismissed with prejudice, and that they have incurred substantial expenses and costs in conjunction with the preparation and filing of the motions.   These Defendants are convinced that a dismissal without prejudice will allow Plaintiff to retain another attorney and file a new lawsuit that would require them to "start again

from scratch."   Objections of Defs. to Pl.'s Not. of Voluntary Dismissal 2.   Defendants contend that a dismissal without prejudice, in light of the time and expense associated with filing the motions, is unjust.   The court disagrees.

## II.      Standard for Voluntary Dismissal

Plaintiff's notice of voluntary dismissal is governed by Federal Rule of Civil Procedure 41(a)(2).   As Defendants Harold Wagner and Benedict O. Olusola have filed answers in this action and Defendants have not stipulated to the dismissal of the action, such action "may be dismissed at the Plaintiff's request only by court order, on terms that the court considers proper." *Id.* Ordinarily, a motion for voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citation omitted).   Rule 41(a)(2) evinces a preference for dismissal without prejudice, as it provides, "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."   Legal prejudice will exist when an affirmative defense would be lost.   *Elbaor*, 279 F.3d at 318.   Legal prejudice may also exist if the nonmovant could lose a *forum non conveniens* defense.   *Ikospentakis v. Thalassic S. S. Agency*, 915 F.2d 176, 179 (5th Cir. 1990).   Finally, legal prejudice may exist if "a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort."   *Davis v. Huskipower Outdoor Equip. Co.*, 936 F.2d 193, 199 (5th Cir. 1991).   Whether legal prejudice exists under these circumstances is a determination to be made by the court using its sound discretion.   If the court determines that legal prejudice exists, it may "refuse to grant a voluntary dismissal."   *Id.* (citations omitted).   "[T]he mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice." *United States ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

**Memorandum Opinion and Order – Page 2**

## III.    Discussion

The court fully recognizes that Defendants Adham and Lamarre incurred *some* costs and expended time in preparing the motions to dismiss.   Defendants raise the issue of possible relitigation of this action if it is dismissed without prejudice; however, this alone is insufficient to warrant the denial of a motion to dismiss without prejudice.   *Id.*   Also, nothing in the record indicates that Defendants Adham and Lamarre have lost any affirmative defense.   Defendants have not even filed an answer and therefore have not set forth any affirmative defense in a responsive pleading.   Further, nothing has been provided to the court that Defendants Adham or Lamarre could lose a *forum non conveniens* defense.   Moreover, Plaintiff is not seeking dismissal at the "eleventh hour" after Adham and Lamarre have expended significant time and effort.   In any event, the court has reviewed the motions to dismiss, and they are based on the sufficiency of the pleadings.   Defendants contend that Plaintiff has not set forth the allegations of his Complaint with the requisite specificity as required in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).   Assuming this to be the case, the court would allow Plaintiff an opportunity to replead before dismissing the action.   The court cannot say at this stage that Plaintiff is unable to amend his pleading with the requisite specificity to state a claim upon which relief can be granted against these Defendants.

After examining the applicable law, the court determines that the possibility of filing another lawsuit by Plaintiff is insignificant, and that Defendants Adham and Lamarre fail to show that they will lose an affirmative defense or a *forum non conveniens* defense.   Further, as this case is relatively new and a scheduling order was issued only two months ago, Defendants Adham and Lamarre have not shown that the request for voluntary dismissal was filed at "a late stage of trial," after they had expended considerable time and effort.   For these reasons, Defendants Adham and

Lamarre fail to show that dismissal without prejudice will cause them to suffer "plain legal prejudice." Accordingly, to dismiss with prejudice, as requested by Defendants Adham and Lamarre, is unwarranted.

**IV.      Conclusion**

For the reasons herein stated, the court **grants** Plaintiff Jimmy M. Tompkins's request, as set forth in his Notice of Voluntary Dismissal, to dismiss this action without prejudice. The court, for the reasons stated, **overrules** the Objections of Defendants Adham and Lamarre to Plaintiff's Notice of Voluntary Dismissal. Accordingly, the court **dismisses without prejudice** this action.

**It is so ordered** this 20th day of December, 2012.

Sam A. Lindsay
United States District Judge